IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GLENDA JEAN IVERY                                                              PLAINTIFF

vs.                                      Civil No. 4:13-cv-04025

CAROLYN COLVIN
DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Glenda Jean Ivery ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI was filed on August 31, 2010. (Tr. 17). Plaintiff alleged she was disabled due to a rod in her left hip and problems walking. (Tr. 146). Plaintiff alleged an onset date of April 29, 2009. (Tr. 146). These applications were denied initially and again upon reconsideration. (Tr. 17, 76-80, 85-88). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 91).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on May 12, 2011. (Tr. 61-71). Plaintiff was present and was represented by counsel, Charles Barnett, at this hearing. *Id.* Plaintiff testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(d), and had completed the ninth grade. (Tr. 63).

On July 29, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 17-57). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 29, 2009, her alleged onset date. (Tr. 18, Finding 2).

The ALJ also determined Plaintiff had the severe impairments of hip surgery, hip pain, hypertension, hypercholesterolemia dermatitis, abscess, cellulitis, and mental distress. (Tr. 18, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 22-45). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 31). Second, the ALJ determined Plaintiff retained the RFC to perform medium work. (Tr. 42, Finding 11).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 56, Finding 17). The ALJ found Plaintiff able to perform her PRW as a personal care aid. *Id.* Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from April 29, 2010 through the date of his decision. (Tr. 57, Finding 18).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 12). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On March 5, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 6, 2013. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

3

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) by failing to assess Plaintiff's RFC given her age, limited education, and lack of transferable skills, (C) in discrediting Plaintiff's physician, and (D) in failing to present a hypothetical to the VE. ECF No. 10, Pgs. 9-18. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included hip surgery, hip pain, hypertension, hypercholesterolemia dermatitis, abscess, cellulitis, and mental distress. (Tr. 18, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff appears to argue she meets a Listing under Section 1.02(a) for major dysfunction of a joint based on a claim she has an inability to ambulate effectively. ECF No. 10, Pgs. 9-12. Defendant argues Plaintiff has failed to establish she meets this Listing. ECF No. 13, Pgs. 6-7.

Impairments found under Listing 1.02(A) for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02(A).

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1).

To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence that she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. The only medical evidence Plaintiff can rely on is a one time statement from Dr. Brad McAlister in March of 2011 who indicated Plaintiff used a cane to ambulate. (Tr. 291). This evidence alone fails to establish Plaintiff meets this Listing. There is no other mention of Plaintiff's need for a cane in the medical record. The medical record only mentions arthritic changes in Plaintiff's left hip following hip surgery in 1983. (Tr. 226-229, 240-243, 255-263, 274-277).

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

**B. Failing to Assess RFC Given Plaintiff's Age, Education and Transferable Skills**

Plaintiff argues the ALJ erred by failing to assess Plaintiff's RFC given her age, limited education, and lack of transferable skills. However, because the ALJ made his decision at Step Four, and not Step Five, there was no need for the ALJ to have considered Plaintiff's age, education, and lack of transferable skills.

In his decision, the ALJ denied Plaintiff's applications at Step Four of the sequential evaluation process. (Tr. 56). Plaintiff had PRW as a personal care aid. (Tr. 127). The ALJ made a finding Plaintiff could perform this PRW. (Tr. 56). As a result of this finding, the ALJ found Plaintiff was not disabled. *Id.* The ALJ never reached Step Five of the sequential evaluation process. The Grids are not relevant because the ALJ found Plaintiff capable of performing her PRW. *See Walker v. Shalala*, 993 F.2d 630, 632 (8th Cir. 1993).

**C. Evaluation of Medical Opinions**

The ALJ bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform medium work. (Tr. 42, Finding 11). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of Dr. Brad McAlister who prepared an RFC report. Defendant argues the ALJ considered the opinions of Dr. McAlister but gave them proper weight based on them being inconsistent with the evidence in the record.

7

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On March 11, 2011, Dr. McAlister preformed an Ability To Do Work-Related Activities report on Plaintiff. (Tr. 289-291). Dr. McAlister's report assessed restrictive limitations including a finding Plaintiff could only lift and carry less than 10 pounds; stand and walk less than 2 hours; sit only 2 hours; and would be absent from more than three times per month. *Id.*

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. In this matter, the ALJ gave less weight to the opinions of Dr. McAlister and he set forth several reasons in his analysis for doing so. (Tr. 52-54). The ALJ noted, Dr. McAlister's report was unsupported by medical findings; was internally inconsistent with his own records; and conflicted with other objective medical evidence and non-medical evidence of record. *Id.* The ALJ properly found Dr. McAlister's findings and examination were inconsistent with other evidence. As a result, the ALJ did not err in his treatment of Dr. McAlister's opinions.

**D. Questioning of VE**

Plaintiff argues the ALJ erred in failing to present a hypothetical to the VE. ECF No. 10, Pgs.17-18. At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

In this matter, because the ALJ made a decision at Step Four of the sequential evaluation process, the ALJ was not required to obtain Vocational Expert testimony. (Tr. 56-57). Vocational Expert testimony is not required at Step Four where a claimant can perform past relevant work. *See Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir. 2001).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **27th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE